IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KENADI MILSAP,** <br> c/o Cornerstone Law Firm <br> 5821 NW 72nd Street <br> Kansas City, MO 64151 <br> <br> Plaintiff, <br> <br> v. <br> <br> **KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT** <br> 1000 SW Jackson Street <br> Topeka, KS 66612 <br> <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: <br> <br> <br> **REQUEST FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Kenadi Milsap, by and through her attorneys, and for her cause of action against Defendant Kansas Department of Health and Environment states and alleges as follows:

### Parties and Jurisdiction

1. This is an employment case based upon and arising under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000 *et seq.* ("Title VII").

2. Plaintiff Kenadi Milsap (hereafter, "Plaintiff") is and was at all relevant times a female citizen of Kansas City, Clay County, Missouri 64155.

3. Defendant Kansas Department of Health and Environment ("Defendant KDHE") is and was at all relevant times conducting substantial and continuous business in the state of Kansas.

4. At all relevant times, Defendant KDHE employed six (6) or more employees in the state of Missouri.

5. At all relevant times, Defendant KDHE employed fifteen (15) or more employees.

6. Defendant KDHE is an "employer" pursuant to the provisions of Title VII.

7. Defendant KDHE is an "employer" pursuant to the provisions of the MHRA.

8. Defendant KDHE is an entity which acts through its agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and/or acts taken by its agents by virtue of their position with KDHE.

9. At all times relevant, Plaintiff performed work for the benefit of Defendant KDHE. Plaintiff worked for Defendant KDHE from her home in Clay County, Missouri.

10. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States. Jurisdiction is also proper pursuant to 42 U.S.C. § 2000e-5.

11. Venue is proper in the District of Kansas.

**Administrative and Procedural Background**

12. On or about April 27, 2021, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant KDHE and Insight Global[1] alleging sex discrimination (attached as Exhibit 1 and incorporated herein by reference).

---

[1] Insight Global is an employment agency in Kansas City, Missouri, that procures individuals such as Plaintiff to perform work for Defendant KDHE.

13. On or about November 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue with regard to her claims against Defendant KDHE and Insight Global (attached as Exhibit 2 and incorporated herein by reference).

14. On January 28, 2022—within ninety (90) days of receiving her Right to Sue—Plaintiff filed a lawsuit against Defendant KDHE and Insight Global in the Circuit Court of Clay County, Missouri, Case No. 22CY-CV01045 (hereinafter, the "state court Petition"). Specifically, Plaintiff alleged that in terminating her employment, Defendants (jointly and/or individually) discriminated against her on the basis of her sex in violation of Title VII.

15. In the state court Petition, Plaintiff alleged that the Clay County Court had subject matter jurisdiction over the case as well as personal jurisdiction over the parties, including Defendant KDHE.

16. On April 7, 2022, Defendant KDHE moved to dismiss Plaintiff's claim against it on the basis that the Circuit Court of Clay County lacks subject matter jurisdiction over the state of Kansas. Plaintiff subsequently filed her opposition to said motion, and Defendant filed its responsive briefing. The court has not yet ruled on this motion.

17. On July 1, 2022, the MCHR issued to Plaintiff a Notice of Right to Sue with regard to her sex discrimination (MHRA) claim against Defendant KDHE.

18. With regard to her MCHR claim against Defendant KDHE, this action is filed within the applicable statute of limitations.

19. With regard to her Title VII claim against Defendant KDHE, the theory of equitable tolling applies to this action in that Plaintiff brought such action against Defendant KDHE within

the applicable 90 (ninety) day statute of limitations –albeit in an allegedly improper state forum (the Circuit Court of Clay County).

20. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

### Additional Factual Allegations

21. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

22. In December 2020, Insight Global arranged for Plaintiff to perform work as a case investigator for Defendant KDHE.

23. In February 2021, Plaintiff was reassigned to perform data entry work for KDHE.

24. In her data entry role, Plaintiff's supervisor was Seth Konkel.

25. Seth Konkel was an agent of Defendant KDHE and, at all times relevant, acted with actual or apparent authority on behalf of those entities.

26. Konkel acted in a supervisory capacity over Plaintiff during the course of her data entry work for KDHE.

27. Konkel facilitated training for Plaintiff in her data entry role and otherwise controlled the nature of her work.

28. Approximately one week after Plaintiff began performing data entry work, she emailed Konkel and informed him that she was pregnant and would need to take time off in May 2021 for maternity leave.

29. Plaintiff also informed a recruiter at Insight Global of her pregnancy, who conferred with an employee of Defendant KDHE about Plaintiff's pregnancy. Afterwards the recruiter informed Plaintiff that Defendant KDHE would not offer her maternity leave.

30. Approximately one week after Plaintiff informed Mr. Konkel of her pregnancy, Defendant KDHE terminated Plaintiff's employment and/or caused Plaintiff's termination.

## COUNT I
### Violation under Title VII
### Sex Discrimination Against Defendant KDHE

31. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

32. Plaintiff is a member of a protected class pursuant to Title VII because of her sex, female.

33. In terminating Plaintiff's employment, Defendant KDHE subjected Plaintiff to an adverse employment action.

34. Plaintiff's sex/pregnancy was at least a motivating factor in Defendant KDHE's decision to terminate her employment.

35. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant KDHE and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant KDHE, thus, making Defendant KDHE liable for said actions under the doctrine of *respondeat superior*.

36. Defendant KDHE failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sex discrimination.

37. Defendant KDHE failed to properly train or otherwise inform its supervisors, employees, and agents concerning their duties and obligations under the civil rights laws, including Title VII.

38. Defendant KDHE knew or should have known of the discriminatory conduct and failed to take corrective measures within their control.

39. Plaintiff suffered intentional discrimination in violation of Title VII.

40. As a direct and proximate result of Defendant KDHE's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

41. As a further direct and proximate result of Defendant KDHE's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages.

42. As shown by the foregoing, Defendant KDHE's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from like conduct in the future.

43. Plaintiff is entitled to recover from Defendant KDHE reasonable attorneys' fees.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendant KDHE for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under the MHRA
### Sex Discrimination Against Defendant KDHE

44. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

45. Plaintiff is a member of a protected class pursuant to the MHRA because of her sex, female.

46. In terminating Plaintiff's employment, Defendant KDHE subjected Plaintiff to an adverse employment action.

47. Plaintiff's sex/pregnancy was at least a motivating factor in Defendant KDHE's decision to terminate her employment.

48. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant KDHE and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant KDHE, thus, making Defendant KDHE liable for said actions under the doctrine of *respondeat superior*.

49. Defendant KDHE failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including sex discrimination.

50. Defendant KDHE failed to properly train or otherwise inform its supervisors, employees, and agents concerning their duties and obligations under the civil rights laws.

51. Defendant KDHE knew or should have known of the discriminatory conduct and failed to take corrective measures within their control.

52. Plaintiff suffered intentional discrimination in violation of Missouri.

53. As a direct and proximate result of Defendant KDHE's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

54. As a further direct and proximate result of Defendant KDHE's actions and/or omissions, Plaintiff has suffered garden variety emotional distress and related compensatory damages.

55. As shown by the foregoing, Defendant KDHE's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount

sufficient to punish Defendant or to deter them and other companies from like conduct in the future.

56. Plaintiff is entitled to recover from Defendant KDHE reasonable attorneys' fees.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendant KDHE for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## Request for Jury Trial

Plaintiff requests a trial by jury in the District of Kansas at Topeka on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: */s/* Marc N. Middleton
Marc N. Middleton    Kan #24458
m.middleton@cornerstonefirm.com
Megan Lowe Stiles    D. Kan #78642
m.stiles@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**