IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENADI MILSAP,

          Plaintiff,

v.                                                                             Case No. 22-4050-JWB

KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT,

          Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to dismiss. (Doc. 5.) The matter is fully briefed and ready for review. (Docs. 6, 9, 11.) For the reasons stated herein, Defendant's motion is GRANTED.

**I.**      **Background**

The following facts are taken from the parties' submissions and construed in the light most favorable to the non-movant, Plaintiff. Plaintiff is a woman residing in Clay County, Missouri. In December 2020, Plaintiff worked for Insight Global,[1] an employment agency in Kansas City, Missouri that employs individuals to work for other organizations, such as the Kansas Department of Health and Environment ("KDHE" or "Defendant"). At all relevant times, Plaintiff performed work for Insight Global and Defendant from her home in Clay County, Missouri. Plaintiff was initially working as a case investigator for Defendant. In February 2021, Plaintiff was reassigned and began doing data entry for Defendant. (Doc. 1 at 1–4.)

Plaintiff's supervisor at KDHE for the data entry role was Seth Konkel. Konkel supervised Plaintiff, provided training for the role, and controlled the work Plaintiff was doing.

---

[1] Insight Global is not a party to this case, although it is a party to Plaintiff's pending case in Clay County, Missouri, Case No. 22CY-CV01045. (Doc. 1 at 3.)

Approximately one week after Plaintiff began working in her data entry role, she informed Konkel by email that she was pregnant and would need maternity leave in May 2021. Plaintiff also informed a recruiter at Insight Global, who conferred with Defendant. After talking with Defendant, the Insight Global recruiter notified Plaintiff that Defendant would not offer Plaintiff maternity leave. Approximately one week after notifying Konkel about her pregnancy, Plaintiff was terminated. (*Id.* at 4–5.)

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 27, 2021, alleging sex/pregnancy discrimination. On or about November 3, 2021, Plaintiff received a right to sue notice from the EEOC. On July 1, 2022, the MCHR issued a right to sue notice on the state law claims. (*Id.* at 2–3.)

Plaintiff originally filed her case in Clay County, Missouri, Case No. 22CY-CV01045 (the "Missouri Case"), on January 28, 2022, within 90 days of her receipt of the EEOC's right to sue notice. Shortly thereafter, Defendant filed a motion to dismiss for lack of subject matter jurisdiction in the Missouri case, arguing that the Missouri state court did not have subject matter jurisdiction over the state of Kansas. Plaintiff opposed the motion in the Missouri case. The Clay County, Missouri court has not yet ruled on the motion. (*Id.* at 3.)

On September 27, 2022, Plaintiff filed the instant case. Plaintiff contends that although this action was filed more than 90 days after she received her right to sue notice from the EEOC, equitable tolling applies because she timely filed the Missouri case. (*Id.* at 3–4.) Plaintiff brings one count of sex/pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and one count of sex/pregnancy discrimination under the Missouri Human Rights Act ("MHRA"). (*Id.* at 5–8.)

2

Defendant argues that this action is not timely, and that equitable tolling does not apply. (Doc. 6 at 1.) Defendant further argues that sovereign immunity protects it from the MHRA claim and that alternatively, Defendant is not considered an "employer" under the MHRA. (*Id.* at 1–2.) Plaintiff argues that equitable tolling applies, making Plaintiff's case timely, and that the MHRA claim is properly brought against Defendant. (Doc. 9.)

**II.     Standard**

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, as is the case here, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to

allow affidavits and other documents to resolve disputed facts. *Id*. at 1003. *See Cochran v. City of Wichita*, No. 18-1007-JWB, 2018 WL 3772681, at *2 (D. Kan. Aug. 9, 2018).

If the court has subject matter jurisdiction under the foregoing standards, it will then address arguments raised under Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

**A. Subject Matter Jurisdiction & the MHRA**

Defendant argues that this court does not have subject matter jurisdiction over Plaintiff's MHRA claim against Defendant because the Eleventh Amendment "bars federal court jurisdiction over private suits against a state by citizens of the state." (Doc. 6 at 11.) Plaintiff argues that Defendant has waived its sovereign immunity through express statement in the Kansas Tort Claims

4

Act ("KTCA") and because it employed a Missouri resident. (Doc. 9 at 10.) In response, Defendant argues that the KTCA only waived the state's sovereign immunity with respect to claims under Kansas law in Kansas courts, not under Missouri law. (Doc. 11 at 4.)

The United States Supreme Court has "extended a State's protection from suits to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997). The actual text of the Eleventh Amendment specifically notes that states are immune to suit brought by citizens of another state: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amdt. XI. But "sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999).

> Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Id.* Sovereign immunity applies not only to the state itself, but also to arms of the state. *Warner v. Floyd*, Case No. 16-4143-SAC-KGS, 2016 WL 9274924, at *1 (D. Kan. Dec. 7, 2016) ("Arms of a state, such as the Kansas Board of Healing Arts and the Kansas Department of Health and Environment may assert the Eleventh Amendment as a defense in federal court unless the defense has been waived or the State has consented to suit in federal court.").

But "[a] State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving its immunity to suit in the context of a particular federal program." *Klaassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228, 1242 (D. Kan.

5

Feb. 3, 2015) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). The test for whether a state has waived its sovereign immunity is a stringent one and the state must offer unequivocal indication that it will consent to jurisdiction. *Id.* Accordingly, without a clear and unequivocal waiver of this sovereign immunity, KDHE cannot be sued in federal court under the MHRA by a Missouri citizen.

Plaintiff argues that KDHE has waived its sovereign immunity by implementing the KTCA. (Doc. 9 at 10.) Specifically, Plaintiff points to K.S.A. § 75-6103(a) which states in part, "[s]ubject to the limitations of this act, each governmental entity shall be liable for damages … where the governmental entity, if a private person, would be liable *under the laws of this state*." *Id.* (Emphasis added). Notwithstanding the highlighted language, Plaintiff contends that if KDHE were a private individual and chose to employ individuals who reside in Missouri, it would be required to follow Missouri employment laws. (*Id.*) This quoted provision is followed by a provision which states in part that "either the code of civil procedure or . . . the code of civil procedure for limited actions shall be applicable to actions within the scope of this act." K.S.A. § 75-6103(b)(1).

As Defendant points out (Doc. 11 at 4–5), Plaintiff's argument misses the mark. The KTCA specifically provides that "[n]othing in this section or in the Kansas tort claims act shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States." K.S.A. § 75-6116(g). The sovereign immunity that Kansas waived in the earlier quoted provision applies to suits brought under the laws of Kansas in the Kansas state courts; this does not mean that Kansas has waived its sovereign immunity with respect to suits filed in federal court under another state's laws.

The court finds that Plaintiff's claim under the MHRA must be dismissed without prejudice.[2] *Klaassen v. Univ. of Kan. Sch. of Med.*, Case No. 13-CV-2561-DDC-KGS, 2015 WL 2400773, at *8 (D. Kan. May 15, 2015) ("[A] dismissal on sovereign immunity grounds … must be without prejudice.") (quoting *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011)).

### B. Equitable Tolling of Title VII Claim

KDHE argues that Plaintiff's Title VII claim is not timely because it was not filed in this court within 90 days of Plaintiff's receipt of the EEOC's right to sue notice. (Doc. 6 at 4–5.) Plaintiff admits that this action was not filed within 90 days of receipt of the right to sue notice but argues that equitable tolling should apply because Plaintiff timely filed the Missouri case. (Doc. 9 at 4–5.) KDHE responds that equitable tolling does not apply because the Missouri case was improperly filed in state court because of KDHE's sovereign immunity. (Doc. 11 at 2.)

To bring suit under Title VII, a plaintiff must first exhaust her administrative remedies by bringing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020). The EEOC then issues a right to sue notice and a plaintiff must file her lawsuit within 90 days of receiving the notice. 42 U.S.C. § 2000e-5(f)(1). Here, there is no dispute that Plaintiff filed her charge of discrimination with the EEOC and received a right to sue notice. The question is whether equitable tolling applies to make Plaintiff's otherwise untimely filing of this case timely.

"Equitable tolling 'effectively extends an otherwise discrete limitations period set by Congress.'" *Arellano v. McDonough*, 598 U.S. ---, 143 S. Ct. 543, 547 (2023) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). Equitable tolling is generally used sparingly but has

---

[2] Because the court concludes that sovereign immunity prevents Plaintiff's MHRA claim, the court need not reach Defendant's argument that it is not an employer under the MHRA.

been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff filed the Missouri case within 90 days of receipt of the right to sue notice, making the Missouri case timely. But if the Missouri state court did not have jurisdiction to hear the case because of KDHE's sovereign immunity, then equitable tolling may not apply to make the instant suit timely. Plaintiff argues that state courts have jurisdiction to hear Title VII cases, citing *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990). (Doc. 9 at 4.) And Plaintiff is generally correct that state and federal courts have concurrent jurisdiction over Title VII claims. *See Yellow Freight Sys., Inc.*, 494 U.S. at 826. But the issue here is not whether the state court had jurisdiction over a Title VII claim generally, but whether the state court had jurisdiction to hear a suit against another state. As explained above, because of sovereign immunity, states cannot be subject to suit by citizens of another state in the courts of another state. *See Alden*, 527 U.S. at 713.

In 2019, the United States Supreme Court made it clear that states were immune from suit in another state. *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1492 (2019) ("We therefore . . . hold that States retain their sovereign immunity from private suits brought in the courts of other States."). Thus, at least since 2019, it has been clear that a plaintiff may not sue a state in the courts of another state.

Defendant cites *Shofer v. Hack Co.*, 970 F.2d 1316, 1318–19 (4th Cir. 1992), to note that other courts have refused to apply equitable tolling to a claim when it was originally filed in a court that lacked jurisdiction. (Doc. 6 at 8.) In *Shofer*, the plaintiff filed his claims in state court within the statute of limitations, but the state court did not have jurisdiction over the ERISA claims. *Shofer*, 970 F.2d at 1318. The court concluded that equitable tolling did not apply: "The

8

commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Id.* at 1319. Plaintiff points out that the state court in *Shofer* did not have jurisdiction because the federal court had exclusive jurisdiction over the ERISA claims. (Doc. 9 at 8.)

Defendant next points to *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036 8th Cir. 2019). (Doc. 6 at 8–9.) The plaintiff in *Thompson* wrote to the Appeals Council for the Social Security Administration after receiving a letter notifying him of him of his deadline for filing suit in federal district court. *Thompson*, 919 F.3d at 1036. The plaintiff had already received an extension of the deadline to file in federal court. *Id.* Utilizing a test for equitable tolling ordinarily used in the habeas corpus context,[3] the court considered (1) whether the plaintiff diligently pursued his rights; and (2) whether some extraordinary circumstance presented an obstacle for the plaintiff. *Id.* The court concluded that the plaintiff "was not entitled to equitable tolling because no extraordinary circumstance prevented him from timely filing an action in the district court." *Id.* at 1038.

The court concludes that the Missouri court was without subject matter jurisdiction to consider a claim against KDHE, and thus, because the Missouri case was filed in a court that did not have jurisdiction, equitable tolling is not appropriate. Although the parties and the court were unable to locate a case directly on point (involving a Title VII claim against a state defendant originally filed in the courts of another state), the *Hyatt* case made it clear well before this case was filed that the courts of one state did not have jurisdiction over another state. Because equitable

---

[3] The court utilized this test without determining whether a stricter test might apply because two other circuits had utilized it and the parties both embraced the approach. *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036–37 (8th Cir. 2019). The United States Supreme Court has also used this test in other non-habeas contexts, such as in a suit under the Indian Self-Determination and Education Assistance Act. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 n.2 (2016).

9

tolling does not apply, Plaintiff's Title VII claim is not timely, and the court dismisses it with prejudice because it is time-barred.

**IV.   Conclusion**

For the reasons stated herein, Defendant's motion (Doc. 5) is GRANTED.

IT IS SO ORDERED this 19th day of April, 2023.


                        __s/ John W. Broomes_____
                        JOHN W. BROOMES
                        UNITED STATES DISTRICT JUDGE